FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
3003 North Central Avenue
Suite 2600
Phoenix, AZ 85012-2913
Telephone: (602) 916-5000
Email: rharris@fclaw.com

Attorneys for Plaintiff
Market Studies, LLC

STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite. 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (06065)
dbodney@steptoe.com
Peter S. Kozinets (019856)
pkozinets@steptoe.com

Attorneys for Defendant
Technical Analysis, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Market Studies, LLC, a limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Technical Analysis, Inc., a Washington corporation,<br><br>　　　　　　Defendant. | Case No. 2:11-cv-01895-JAT<br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN** |

　　　　Pursuant to the Court's October 24, 2011 Order Setting Rule 16 Scheduling Conference (DE 12), the parties submit the following joint proposed case management plan.

## I. NATURE OF THE CASE

**Plaintiff's Claims:**

Copyright Infringement: Thomas DeMark devised and published a suite of tools to measure the performance of certain financial markets (the "DeMark Indicators"). Plaintiff owns the copyrights in the books authored or co-authored by Thomas DeMark regarding the DeMark Indicators tool: *DeMark on Day Trading Options Using Options to Cash in on the Day Trading Phenomenon* (1999); *New Market Timing Techniques: Innovative Studies in Market Rhythm and Price Exhaustion;* and *The New Science of Technical Analysis* (1994).

The copyrighted compilations specifically describe tools named SEQUENTIAL, SET UP, COUNTDOWN and COMBO.

Defendant publishes a monthly magazine (*Technical Analysis of Stocks & Commodities*). The September 2011 issue included an article entitled "TD Sequential and Ermanomerty for Intraday Traders" authored by Andrew Coles, together with additional commentary and software related to the Cole's article published in *Trader's Tips* Section of the magazine. The Coles article contained computer code for "TD Setup" that infringes Plaintiff's copyright in the SETUP compilation tool. The *Trader's Tips* commentary included code that infringes Plaintiff's copyrights in the SETUP, SEQUENTIAL and COMBO compilation tools.

Market Studies has licensed Bloomberg, CQG and Thomson Rueters to provide software implementations of the copyrighted tools. Plaintiff has never licensed Defendant to use the copyrighted materials or create derivative works. Defendant has created derivative works without authorization and distributed such unauthorized derivative works to its readers.

Trademark Infringement: Plaintiff owns federal trademark rights in the trademarks DEMARK INDICATORS, SEQUENTIAL, SETUP, COUNTDOWN and COMBO for

financial services and education related to investment. The marks have been used since 1995 continuously in advertising and promoting Plaintiff's services and are recognized as distinctive source identifiers for Plaintiff's goods and services.

The Coles article and the *Trader's Tips* commentary use Plaintiff's registered trademarks to identify software not provided or approved by Plaintiff. This conduct is likely to cause confusion and mistake among customers and potential customers as to the origin or association of the unauthorized software. Continued use of the marks will confuse the consuming public, diminish the distinctiveness of Plaintiff's registered marks and misappropriate the associated goodwill.

Defendant is liable for contributory trademark infringement because Defendant knew of the infringement and continued to distribute and display the Cole's article and the *Trader's Trips* commentary. Use in the Cole's article and *Trader's Tips* commentary constitutes use of a counterfeit trademark with the full knowledge of the resulting confusion.

<u>Unfair Competition</u>: Defendant's use of Plaintiff's registered trademarks to identify unauthorized software constitutes reverse palming off and unfair competition under Arizona law. Defendant's conduct is likely to lead consumers and potential consumers to conclude, incorrectly, that Defendant's goods or services originate with, are sponsored by, or are authorized by Plaintiff.

<u>Unjust Enrichment</u>: By utilizing Plaintiff's trademarks and copyrights, including the goodwill of the DeMark Indicator tools, Defendant has diverted and will continue to divert substantial profits from Plaintiff to itself. Defendant has avoided the substantial costs associated with creating the DeMark Indicators and the associated goodwill. Defendant is not entitled to retain profits derived from the unauthorized used of Plaintiff's products and reputation.

**Defendant's Defenses:**

<u>Copyright Infringement</u>: Defendant publishes *Technical Analysis of Stocks & Commodities* ("*Stocks & Commodities*"), a monthly magazine containing news and analysis of public interest. In its September issue, Defendant published "TD Sequential and Ermanometry for Intraday Traders," by Andrew Coles, PhD. In the article, Coles discussed Thomas DeMark's "TD Sequential" method for determining when a day trader should buy or sell stocks. Summarizing some of the ideas from DeMark's book, *Day Trading Options*, Coles wrote that the TD Sequential method "adheres to the following conditions":

> 1   A bearish price flip whereby price must close higher than the close four bars earlier, followed by a close less than the close four bars earlier
>
> 2   Nine consecutive closes, each one less than the corresponding close four bars earlier (where the bar on which the bearish price flip occurs qualifies as bar of the buy setup).

The Coles article included a sidebar showing how this formula can be expressed mathematically, in four lines of computer code. In the "Traders' Tips" section of its magazine and on its website, Defendant published further examples showing how the formula can be restated in computer code.

The computer code that Defendant published is based on Plaintiff's ideas, formulas or processes – subject matter that is *not* subject to copyright protection as a matter of law. 17 U.S.C. § 102(b); U.S. Copyright Office, Circular 31, www.copyright.gov/circs/circ31.pdf (copyright protection "is not available for ideas or procedures," "technical methods," "formulas or algorithms" "or any other concept, process, or method"). If Plaintiff seeks to exclude others from using its *ideas*, it must seek a patent, not a copyright. *Mazer v. Stein*, 347 U.S. 201, 217 (1954) ("[u]nlike a patent, a copyright gives no exclusive right to the art disclosed").

Even if Plaintiff's formula is copyrightable, Plaintiff's claim is barred by the doctrines of merger, fair use and *scenes a fair*. "Merger" recognizes that an idea and its expression merge when use of the author's expression is necessary to convey the author's underlying idea. "Fair use" recognizes important First Amendment limits on copyright law to permit discussion and use of others' works. Under "*scenes a fair*," widely-accepted programming practices and elements are *not* protected as a matter of law.

<u>Trademark Infringement and Unfair Competition</u>:  Defendant's uses of Plaintiff's marks have not caused, and are not likely to cause, confusion among readers about the source or sponsorship of the information published by Defendant. Plaintiff's marks, consisting of words like "setup" and "sequential," are merely descriptive or not inherently distinctive, and lack secondary meaning. Moreover, while the commentary and code published by Defendant occasionally uses words trademarked by Plaintiff, those words are used not to suggest Plaintiff's sponsorship or approval of, or affiliation with, Defendant. Rather, they are used to describe or refer to, or to draw comparisons with, Plaintiff's formula. These "fair uses" are protected by trademark law.

Defendant has no reason to believe that any reader has been, or likely will be, confused by its publications. Nevertheless, Defendant has added the following disclaimer to reprints of the Coles article available on its website, and to the webpage that displays further commentary about the article:  "The code published on this webpage or in the September 2011 issue of Stocks & Commodities is not sponsored or endorsed by, nor affiliated with, Thomas DeMark or his company, Market Studies LLC, and it should not be confused with any software that he or his company may offer, or license others to offer, for purchase or licensing."

Plaintiff's other trademark-related claims, including unfair competition and reverse palming off, are unavailing for the same reasons.

1    Unjust Enrichment:  This claim is preempted by the Copyright Act, and in any
2 event cannot be used to obtain relief that might otherwise be available under Plaintiff's
3 other theories.

**II.     JURIDICTIONAL BASIS OF THE CASE**

The Court has subject matter jurisdiction over claims for copyright and trademark infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental jurisdiction over claims arising under Arizona law pursuant to 28 U.S.C. § 1367(a).

**III.    PARTIES WHICH HAVE NOT BEEN SERVED**

None

**IV.    THE NAMES OF PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION**

None.

**V.     WHETHER THE CASE IS SUITABLE FOR REFERENCE TO ARBITRATION, TO A SPECIAL MASTER, OR TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

The parties do not consent to a trial before a Magistrate Judge and seek trial before an Article III Judge.

**VI.    THE STATUS OF RELATED CASES PENDING**

None.

**VII.   SUGGESTED CHANGES IN RULE 26 DISCLOSURES**

Initial disclosures shall be made by December 5, 2011.

**VIII.  PROPOSED DEADLINES**

| | | |
|---|---|---|
| A. | Filing a motion to amend the pleading: | December 15, 2011 |
| B. | Disclosure of expert testimony: | May 15, 2012 |
| C. | Completing discovery: | August 15, 2012 |
| D. | Filing dispositive motions: | September 15, 2012 |

1      E.    Case specific deadlines:    None

2  **IX. SUGGESTED CHANGES IN THE LIMITATIONS ON DISCOVERY**

3  None.

4  **X. ESTIMATED DATE AND LENGTH OF TRIAL**

5  February 2013, approximately four days.

6  **XI. WHETHER A JURY TRIAL HAS BEEN REQUESTED**

7  A jury trial has not been requested.

8  **XII. PROSPECTS FOR SETTLEMENT**

9-11  No assistance in settlement efforts is sought at this time. The parties believe a settlement conference before a Magistrate Judge may be requested after an initial round of discovery.

12  **XIII. MODIFICATION OF PRETRIAL PROCEDURES**

13-15  None. The parties anticipate that a Protective Order will be proposed by stipulation to protect confidential information (financial information and trade secrets) of both parties.

16  DATED this 28th day of November, 2011.

17  FENNEMORE CRAIG, P.C.    STEPTOE & JOHNSON LLP

19  By *s/Ray K. Harris*    By *s/Peter S. Kozinets (with permission)*
    Ray K. Harris    David J. Bodney
20      Attorneys for Plaintiff    Peter S. Kozinets
    Market Studies, LLC    Attorneys for Defendant
        Technical Analysis, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2011, I electronically transmitted the attached document to the Clerk Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/EMF registrants:

David J. Bodney
Peter S. Kozinets
STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite. 1600
Phoenix, Arizona 85004-2382

*s/Melody Tolliver*

FENNEMORE CRAIG, P.C.
PHOENIX

2509319/027566.0042