**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARKET STUDIES, LLC, | CV-11-1895-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| TECHNICAL ANALYSIS, INC., | |
| Defendant. | |

Pending before the Court are Defendant's Motion for Judgment on the Pleadings (Doc. 18) and Plaintiff's Motion for Leave to File Amended Complaint (Doc. 28). The Court now rules on both Motions.

**I.   BACKGROUND**

Plaintiff Market Studies, LLC ("MS") provides financial research, information, education, and consulting services based on its analysis and compilation of data to measure the performance of certain financial markets. MS also provides subscription services, both directly and through licensees, and publishes and distributes materials pertaining to the DeMark Indicators, a suite of tools created by Thomas Demark, the founder and CEO of MS. MS's customers, which include traders and investors, rely on the Indicators to help them make predictions about the markets and identify market trends. Additionally, MS owns federal trademark rights in the trademarks DEMARK INDICATORS, SEQUENTIAL, SETUP, and COUNTDOWN with respect to the relevant classes for financial services,

publication, and education. MS also owns the copyright to *DeMark on Day Trading Options*, a book about the Indicators and market timing.

Defendant Technical Analysis, Inc. ("TA") publishes *Technical Analysis of Stocks & Commodities*, a monthly magazine, in print and on its website. TA's publications include both written articles and computer software code related to financial market analysis. In the September 2011 issue of *Technical Analysis of Stocks & Commodities*, TA published an article entitled "TD Sequential and Ermanometry for Intraday Traders." The article included multiple references to Mr. DeMark and the Demark Indicators and multiple uses of terms and phrases that are similar or identical to MS's registered trademarks. TA also published downloadable software code related to the DeMark Indicators that also used such terms and phrases. TA has no licenses to the Indicators or to MS's trademarks.

In response to the published article and code, MS filed a complaint on September 26, 2011, alleging copyright infringement, trademark infringement, unfair competition, and unjust enrichment. TA filed a motion for judgment on the pleadings on December 9, 2011. Subsequently, MS filed a motion for leave to amend its complaint on January 12, 2012. In amending its complaint, MS has dropped its copyright claims and added a claim for intentional interference with a business relationship, among other amendments. The Court will first consider Plaintiff MS's motion for leave to file its amended complaint.

## II.  ANALYSIS

Rule 15(a) provides in pertinent part:

> A party may amend its pleading once as a matter of course within: 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, *a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.*

Fed. R. Civ. P. 15(a) (emphasis added). Although the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962) (citation omitted).  "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

However, the liberal policy in favor of amendments is subject to limitations.  After the defendant files a responsive pleading, leave to amend may be denied if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186).  Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend.  *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Regarding the futility of amendments to add claims, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.") (citation omitted). A motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."

*Miller*, 845 F.2d at 214; *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); *DCD Programs*, 833 F.2d at 186 (stating that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

Here, Defendant has opposed Plaintiff's motion to amend only on the grounds that Plaintiff's amendments to its complaint are futile. Particularly, Defendant argues that, even with the new amendments, Plaintiff's complaint fails to state a claim because the nominative fair use doctrine applies and protects any use by Defendant of Plaintiff's marks. With respect to Plaintiff's state law unfair competition, unjust enrichment, and intentional interference with a business relationship claims, Defendant again argues that nominative fair use bars all three claims, in addition to arguing that federal patent law preempts Plaintiff's unjust enrichment claim and that Plaintiff has not sufficiently alleged the required element of improper motive with respect to its intentional interference claim.[1] Thus, in Defendant's view, Plaintiff's amendments are futile because all of its amended claims are subject to dismissal.

To successfully raise a nominative fair use defense to a trademark infringement claim, the alleged infringer of a mark must establish (1) the product or service in question is not readily identifiable without use of the trademark; (2) only so much of the mark or marks as is reasonably necessary to identify the product or service is used; and (3) the user does nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the

---

[1] Defendant also argues that estoppel bars Plaintiff from asserting that Defendant's published code represents incomplete and inaccurate versions of Plaintiff's Indicator formulas because, in its opposition to Defendant's motion, Plaintiff stated that "TA infringed MS's copyright by publishing software code that recites *the exact steps* of the DeMark Indicator compilations." (Doc. 29, at 14) (emphasis added). The Court finds that Plaintiff's assertions are not sufficiently contradictory to rise to the level of estoppel, and further, Plaintiff's original statement related to its copyright claims, which Plaintiff has removed from its amended complaint. Thus, Defendant's argument is unavailing.

trademark holder. *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1991). Further, this test replaces the traditional test for likelihood of confusion only when a defendant's use of the mark refers to the trademarked good itself. *Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010). Moreover, because of its factual nature, fair use analysis is generally considered to be premature at the pleadings stage. *See, e.g.*, *Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*, No. C 08-04397 WHA, 2008 WL 6742224, at *4-5 (N.D. Cal. Dec. 18, 2008); *powerlineman.com, LLC v. Kackson*, No. CIV. S-07-879 LKK/EFB, 2007 WL 3479562, at *4 (E.D. Cal. Nov. 15, 2007).

Here, Defendant has not established that Defendant's use of Plaintiff's marks constitutes nominative fair use as a matter of law. Significantly, the Court finds that a question of fact exists as to whether Defendant's use of the mark referred only to Plaintiff's products. Defendant's article and published code, which Plaintiff attached to its complaint, use Plaintiff's marks extensively. Though some of these uses clearly function to identify Plaintiff's "Indicators," questions of fact exist as to whether other uses, particularly with respect to the published code, do not. Hence, Defendant has not shown that it can exclusively rely on a nominative fair use defense, and accordingly, several fact issues remain as to whether Plaintiff can establish infringement under the traditional likelihood of confusion test. It is clear to the Court, however, that Plaintiff has properly stated its claims for infringement based on likelihood of confusion.

Furthermore, even if Defendant's use of Plaintiff's marks was solely to identify Plaintiff's products, additional issues of material fact exist with respect to application of the Ninth Circuit's test from *New Kids*. In particular, questions of fact exist at least with regard to whether Defendant's multiple uses of Plaintiff's marks were reasonably necessary and whether Defendant's use of Plaintiff's marks suggest any sponsorship or endorsement by Plaintiff. Thus, Defendant has failed to establish that application of the nominative fair use doctrine renders Plaintiff's amended trademark infringement claims futile. Similarly, to the extent that Defendant relies on nominative fair use to establish the futility of Plaintiff's amended state law claims, Defendant has not succeeded.

Defendant's additional arguments with respect to the adequacy of Plaintiff's state law claims are also unavailing. First, the Court does not find that federal patent law preempts Plaintiff's unjust enrichment claim. In its amended complaint, Plaintiff alleges that "[b]y utilizing [Plaintiff's] intangible property, including the content of and goodwill associated with the 'DeMark Indicators' tools, [Defendant] has benefitted in the financial services market at the expense of [Plaintiff] and diverted and will continue to divert substantial profits from [Plaintiff]." (Doc. 28, Ex. A, at ¶ 46). Defendant is correct that to the extent the "content" of the tools refers to intellectual property that could be afforded protection under the federal patent laws, those laws preempt Plaintiff's claims. *See G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904-05 (9th Cir. 1992). However, Plaintiff also alleges that Defendant utilized Plaintiff's "goodwill," which could not be afforded patent protection, and moreover, questions of material fact exist as to what exactly is encompassed by the "content and goodwill" of Plaintiff's tools.

Additionally, the Court finds that Plaintiff has sufficiently pled its claim for intentional interference with a business relationship. Under Arizona law, the elements of this claim require "the existence of a valid contractual relationship or business expectancy; the interferer's knowledge of the relationship or expectancy; intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted." *Miller v. Hehlen*, 104 P.3d 193, 202 (Ariz. Ct. App. 2005). Furthermore, "[t]he interference must be improper before liability will attach. And, a competitor does not act improperly if his purpose at least in part is to advance his own economic interests." *Id.* (internal quotations and citations omitted). Relying on *Miller*, Defendant argues that Plaintiff has not properly alleged that Defendant was "motivated solely to injure Plaintiff's business." (Doc. 33, at 7).

In its amended complaint, Plaintiff alleges that Defendant "intentionally interfered with [Plaintiff's] business expectancies by publishing the Trader's Tips knowing the publication contained inaccurate and misleading representations of the DeMark Indicators." (Doc. 28, Ex. A, at ¶ 52). The Court finds that this statement sufficiently alleges that

- 6 -

Defendant improperly interfered with Plaintiff's business expectancy. Taking the alleged facts to be true and construing them in a light most favorable to Plaintiff, it is enough that Defendant knowingly published inaccurate and misleading representations of the Indicators to attribute an improper motive to the Defendant, including the absence of any intent to advance its own economic interests.

In sum, the Court finds that Defendant has failed to show that Plaintiff's amendments to its complaint are futile. Therefore, Plaintiff's motion to amend is GRANTED, and Defendant's motion for Judgment on the Pleadings is DENIED as moot.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for Judgment on the Pleadings (Doc. 18).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion For Leave to File Amended Complaint (Doc. 28). Plaintiff shall file its Amended Complaint within 14 days of this Order.

DATED this 28th day of March, 2012.

James A. Teilborg
United States District Judge