Stacie R. Hartman (admitted *pro hac vice*)
Mir Y. Ali (admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 S. Wacker Dr. Suite 6600
Chicago, IL  60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: shartman@schiffhardin.com
          mali@schiffhardin.com

Andrew F. Halaby (#017251)
Andrew C. Stone (#026543)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: ahalaby@swlaw.com
          astone@swlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Market Studies, LLC, a limited liability company,<br><br>             Plaintiff,<br><br>        v.<br><br>Technical Analysis, Inc., a Washington corporation,<br><br>             Defendant. | Case No. CV 2011-01895-JAT-PHX<br><br>**AMENDED COMPLAINT** |

Plaintiff Market Studies, LLC ("MS"), by its attorneys, for its Amended Complaint against Defendant Technical Analysis, Inc. ("TA"), states as follows:

## NATURE OF THE CASE

1.     This case arises out of Defendant TA's infringement of MS's intellectual property and interference with MS's business, all done with an intent to trade on MS's famous DeMark Indicators and profit from a false association with them.  Without any license or authority from MS, TA published and distributed the *Stocks & Commodities*

magazine and associated website that contained false and misleading statements about the DeMark Indicators and software code that purports to be the DeMark Indicators.  TA offered its readers free imitation software code to circumvent MS's requirement of a license to its well-respected DeMark Indicators.

## PARTIES

2.      Plaintiff MS is a Delaware limited liability company with its principal place of business in Arizona.  The members of MS are citizens of Arizona, Delaware, and California.

3.      Defendant TA is a Washington corporation with its principal place of business in Washington.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over MS's claims for trademark infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over MS's claims arising under the laws of Arizona pursuant to 28 U.S.C. § 1367(a).  These claims are so related to the claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      Additionally, this Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332, in that the parties are diverse and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because TA's acts giving rise to MS's causes of action occurred in the District of Arizona.

## FACTUAL BACKGROUND

8.      MS provides financial research and information, education and consulting services based on its analysis and compilation of data to measure the performance of certain financial markets.  MS provides subscription services and publishes and distributes materials pertaining to the "DeMark Indicators," a suite of tools developed over 40 years by Tom DeMark, an internationally known consultant and lecturer on market analysis and

1    founder and CEO of MS.

2       9.    Tom DeMark has spent decades developing, refining and teaching his

3    techniques to institutional professionals around the world and has established "DeMark"

4    as the definitive name in market timing.  Through MS, traders and investors may license

5    for a fee the right to use the DeMark Indicators.  Thousands of companies and individuals

6    subscribe to MS's products and services; its subscription base includes a veritable "who's

7    who" of the investment world.  Mr. DeMark has consulted with many of the largest

8    financial institutions in the world, including Goldman Sachs, Citigroup, J.P. Morgan,

9    IBM, Union Carbide, and Soros Fund Management.

10      10.    In recognition of his contributions, Mr. DeMark is regularly asked to appear

11   on television broadcasts (such as Bloomberg TV and CNBC), and both Mr. DeMark and

12   the DeMark Indicators have been featured in a plethora of articles, including Bloomberg

13   Magazine and Futures & Options Magazine, among many others.  Mr. DeMark has also

14   authored three best-selling books on the DeMark Indicators and market timing: *The New*

15   *Science of Technical Analysis*; *New Market Timing Techniques: Innovative Studies on*

16   *Market Rhythm and Price Exhaustion*; and *DeMark on Day Trading Options*.

17      11.    MS owns federal trademark rights in the DeMark Indicators SEQUENTIAL,

18   SETUP, and COUNTDOWN for financial analysis, publications, and education related to

19   investment, among other classes.  These U.S. Trademark Registrations are attached as

20   Exhibit 1.

21      12.    The DeMark Indicators are, and at all relevant times were, strong, famous

22   and distinctive marks.  MS has used the marks in interstate commerce throughout the

23   United States for many years to promote its products and services.

24      13.    MS's commercial use of the marks commenced at least as early as 1995.

25   MS has used the marks continuously in advertising and promoting its services.

26      14.    MS has never licensed to TA the right to use any of MS's proprietary

27   material or intellectual property.

28      15.    TA itself recognizes the value in the DeMark name.  TA first published an

article about the DeMark Indicators in 1995, and has since published numerous cover stories and articles on Tom DeMark and the DeMark Indicators.

16.     TA publishes a monthly magazine entitled *Technical Analysis of Stocks & Commodities* ("*Stocks & Commodities*").   TA also publishes *Stocks & Commodities* electronically via the Internet at its website traders.com.   TA also publishes computer software code, which is used with affiliated financial platforms.

17.     MS provides subscription services and publishes and distributes materials pertaining to the DeMark Indicators on authorized institutional financial platforms, over the internet and in print media.   TA uses the same marketing channels.

<u>TA's Infringing Publication</u>

18.     On September 19, 2011, MS discovered that the September 2011 issue of *Stocks & Commodities* included an article entitled "TD Sequential and Ermanometry for Intraday Traders" authored by Andrew Coles (the "Coles Article").   TA published additional statements and software code related to the DeMark Indicators in the "Traders' Tips" section of the magazine and on the traders.com website.   True and correct copies of the Coles Article and the associated Traders' Tips are attached hereto as Exhibits 2 and 3.

19.     Traders' Tips used the trademarked DeMark Indicators to refer to imitation software code that is incomplete, inaccurate, and not from or associated with MS, the legitimate holder of the trademarks.   For example, downloadable file names for various codes are identified as: TDSetup.efs, Countdown.eqi, and tasc_tdsequentialsetup.vtscr. These references ensure that the downloaded applications will be labeled with MS's trademarks.   The knock-off code can be downloaded from TA's website and is pre-compiled software that the user will see as pre-packaged code for the DeMark Indicators. Further, the code published by TA is littered with references to the trademarked Indicators, such as "Buy Setup," "Sell Setup," "BuySetUp," "SellSetUp," "TD Sell Setup," "TD Sequential Setup," "TD BuySetup," "TD Sell Setup," "TD Sequential – Buy Setup," "TD SequentialBuy," "TD Sequential – Sell Setup," "TD SequentialSell," "Tom DeMark TD Sequential Setup" and "Source Code for the Count Down Indicator."

20.     Readers will be misled into thinking the knock-off code presented in the publications represents the code to implement the genuine DeMark Indicators.

21.     TA actively solicits others to write the knock-off code that it publishes.

22.     If readers use the code TA has published, they will not receive the same market analysis results derived from the true DeMark Indicators.

TA's Trademark Infringement

23.     TA's publications used MS's registered trademarks for DeMark Indicators SEQUENTIAL, SETUP, and COUNTDOWN to identify products and services provided by parties other than MS.

24.     TA published the Coles Article and Traders' Tips, using the marks, after MS had established goodwill for the marks.

25.     MS's marks are recognized in the marketplace as distinctive and as identifying MS's goods and services to customers and potential customers.

26.     TA's use of MS's marks and other nearly identical marks has created confusion in the marketplace, causing MS injury and damages.

27.     TA's publication using the marks is confusingly similar to MS's registered trademarks, for which MS has priority of use.

28.     Use of the marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of third parties with MS.

29.     MS contacted TA by email on September 19 and 20, 2011 and by telephone on September 21, 2011, notifying TA of the infringement and requesting that TA remove the infringing material from the traders.com website.  On September 22, 2011, MS again demanded that TA stop infringing MS's intellectual property rights.  TA first asked for time to review the issue.  Ultimately, TA ignored MS's demand.

30.     MS has never licensed to TA the right to use the marks.  TA has used the marks without authorization.  TA has continued to use MS's trademarks without license or authority from MS.

31.     Use of MS's marks is willful, deliberate and committed with knowledge of

MS's rights.

32. The injuries and damages MS has sustained have been directly and proximately caused by wrongful misappropriation of MS's marks.

## COUNT I – INFRINGEMENT OF TRADEMARKS
## SEQUENTIAL, SETUP, AND COUNTDOWN

33. MS realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

34. TA's unauthorized use of the SEQUENTIAL, SETUP, and COUNTDOWN trademarks in interstate commerce in connection with the offering of software code was and is likely to cause confusion, mistake, or deception in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. TA's conduct has caused and will continue to cause confusion in the market for investment and financial services, because readers will be misled into thinking the marks and associated code in the publications are the true DeMark Indicators.

36. MS has suffered damages by TA's acts.

37. TA willfully and deliberately infringed the marks. Under such circumstances, damages should be increased by three times the actual damages, and reasonable attorneys' fees and costs should be assessed under 15 U.S.C. § 1117.

## COUNT II – VIOLATION OF LANHAM ACT,
## SECTION 43(a) – FALSE DESIGNATION OF ORIGIN

38. MS realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

39. Continuing use of the marks by TA in interstate commerce is likely to cause confusion, mistake or deception as to the affiliation, connection or association of unlicensed third party indicators with MS or as to the origin, sponsorship, or approval of the third party indicators and services by MS.

40. MS has been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

41. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

1

## **COUNT III – UNFAIR COMPETITION**

2

42.     MS realleges and incorporates by reference the preceding paragraphs as if

3

fully set forth herein.

4

43.     TA's conduct constitutes palming off and unfair competition under Arizona

5

law.

6

44.     TA's conduct has caused and will continue to cause irreparable injury to

7

MS, its business reputation and the goodwill associated with MS's trademarks and its

8

products and services.   MS has no adequate remedy at law.   MS will continue to be

9

irreparably injured unless and until TA is enjoined from the unlawful conduct.

10

## **COUNT IV – UNJUST ENRICHMENT**

11

45.     MS realleges and incorporates by reference the preceding paragraphs as if

12

fully set forth herein.

13

46.     By utilizing MS's intangible property, including the content of and goodwill

14

associated with the "DeMark Indicators" tools, TA has benefitted in the financial services

15

market at the expense of MS and diverted and will continue to divert substantial profits

16

from MS.

17

47.     Because TA is not a licensee of MS, it is not entitled to retain the profits

18

derived from this unauthorized use of MS's products and reputation.

19

48.     TA's conduct constitutes unjust enrichment under Arizona law.

20

## **COUNT V – INTENTIONAL INTERFERENCE**
## **WITH A BUSINESS RELATIONSHIP**

21

49.     MS realleges and incorporates by reference the preceding paragraphs as if

22

fully set forth herein.

23

50.     MS has a business expectancy to maintain its clients and licensees and to

24

obtain additional clients and licensees based on the reputation and success of the DeMark

25

Indicators.

26

51.     TA is aware that MS relies on the accurate representation of the DeMark

27

Indicators to generate business and maintain its reputation in the financial services market.

28

52.     On information and belief, TA intentionally interfered with MS's business expectancies by publishing the Traders' Tips knowing the publications contained inaccurate and misleading representations of the DeMark Indicators.

53.     TA's acts have injured MS by limiting its expected business related to the true DeMark Indicators.

54.     TA's conduct constitutes intentional interference with a business relationship under Arizona law.

WHEREFORE, MS requests that relief be granted in its favor and against TA for (a) damages sustained by MS, including TA's profits, MS's lost profits, loss of business expectancy, injury to reputation and loss of goodwill in an amount to be determined at trial, (b) statutory damages, (c) punitive damages, (d) attorneys' fees and costs, (e) a permanent injunction requiring TA to refrain from any use of MS's trademarks without prior authorization from MS, and (f) such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

MS hereby demands a trial by jury as to all issues so triable.

DATED this 10th day of April, 2012.

SCHIFF HARDIN LLP

By  s/ Stacie R. Hartman
Stacie R. Hartman
Mir Y. Ali
233 S. Wacker Dr. Suite 6600
Chicago, IL  60606

SNELL & WILMER L.L.P.

Andrew F. Halaby
Andrew C. Stone
400 East Van Buren
Phoenix, Arizona 85004-2202

Attorneys for Market Studies, LLC

1

## <u>CERTIFICATE OF SERVICE</u>

2

3          I hereby certify that on April 10, 2012, I electronically transmitted the attached document

4     to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

5     Electronic Filing to the following CM/ECF registrations:

6                                  David J. Bodney
                                  Peter S. Kozinets
7                              STEPTOE & JOHNSON LLP
                           201 East Washington Street, Suite 1600
8                              Phoenix, Arizona 85004-2382
9                          *Attorneys for Defendant Technical Analysis, Inc.*

10

11     /s/ Mir Y. Ali

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28