STEPTOE & JOHNSON LLP
201 E. Washington St., Ste. 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile:  (602) 257-5299

David J. Bodney (06065)
dbodney@steptoe.com
Peter S. Kozinets (019856)
pkozinets@steptoe.com

Attorneys for Defendant
Technical Analysis, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MARKET STUDIES, LLC, a limited liability company, | No. CV 2011-01895-JAT |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT** |
| vs. | |
| TECHNICAL ANALYSIS, INC., a Washington corporation, | |
| Defendant. | |

Defendant Technical Analysis, Inc. ("Technical Analysis") answers the Amended Complaint as follows:

1.      Technical Analysis admits that it publishes and distributes, in print and online, a magazine entitled *Technical Analysis of Stocks & Commodities* ("*Stocks & Commodities*"), and that it makes software code available to its readers on its website, traders.com.   Technical Analysis denies the remaining or inconsistent allegations of paragraph 1, and denies that Plaintiff's intellectual property and business interference claims have any merit.

2.      Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore denies them.

3.      Technical Analysis admits the allegations of paragraph 3.

4.     Technical Analysis admits the jurisdictional allegations in paragraph 4, but denies that Plaintiff's trademark infringement claim has any merit.

5.     Technical Analysis admits that this Court has supplemental jurisdiction over Plaintiff's state law claims, but denies that those claims have any merit.

6.     Technical Analysis reserves the right to challenge Plaintiff's ability to establish diversity jurisdiction at the time of the Complaint's filing.

7.     Technical Analysis admits that venue in this Court is proper, but denies that any acts of infringement or business interference have occurred in this District – or elsewhere.

8.     Technical Analysis admits that Plaintiff publishes and distributes materials developed by Thomas DeMark, including materials used in the analysis of certain financial markets.  Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8, and therefore denies them.

9.     Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore denies them.

10.    On information and belief, Technical Analysis admits that Thomas DeMark has authored or co-authored the books, *The New Science of Technical Analysis*, *New Market Timing Techniques* and *DeMark on Day Trading Options*.  Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10, and therefore denies them.

11.    Technical Analysis admits that Plaintiff claims to own federal trademark rights in the words SEQUENTIAL, SETUP and COUNTDOWN, and that Plaintiff attached as Exhibit 1 to the Amended Complaint what purport to be U.S. Trademark Registrations.  Exhibit 1 speaks for itself.

12.    The first sentence in paragraph 12 states a legal conclusion to which no response is required.  If the first sentence of paragraph 12 is construed to require a response, then Technical Analysis denies the allegations in it.  Technical Analysis lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and therefore denies them.

13. Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them.

14. Technical Analysis denies the allegations in paragraph 14.

15. Technical Analysis admits that it published an interview with Thomas Demark in May 1995, and has since published other articles that mention Thomas DeMark or the DeMark Indicators.   Technical Analysis published these materials without any objection or complaint from Mr. DeMark or his company.   Technical Analysis denies the remaining allegations in paragraph 15.

16. Technical Analysis admits that it publishes *Stocks & Commodities* on a monthly basis in print and online at traders.com.  Technical Analysis also admits that it makes software code available to its readers on its website.  Technical Analysis states that such software typically represents the efforts of third parties to express in computer code techniques discussed in *Stocks & Commodities*.   Technical Analysis denies the remaining or inconsistent allegations in paragraph 16.

17. Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies them.

18. Technical Analysis admits that the September 2011 issue of *Stocks & Commodities* contains an article entitled "TD Sequential and Ermanometry for Intraday Traders" by Andrew Coles, PhD (the "Coles Article").  Technical Analysis admits that it published software code related to the Coles Article in the Traders' Tips section of the September 2011 issue of *Stocks & Commodities* and online at traders.com.  Technical Analysis further admits that Plaintiff attached as Exhibits 2 and 3 to the Amended Complaint what purport to be copies of the Coles Article and related Traders' Tips. Exhibits 2 and 3 speak for themselves.   Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding when Plaintiff learned that the September 2011 issue of *Stocks & Commodities* included the

Coles Article, and therefore denies them.  Technical Analysis denies the remaining or inconsistent allegations in paragraph 18.

19.     Technical Analysis admits that the file names for software code published on its Traders' Tips include "TDSetup.efs," "CountDown.eqi" and "tasc_tdsequentialsetup.vtscr."  Technical Analysis also admits that the Traders' Tips related to the Coles Article include the following terms: "Buy Setup," "Sell Setup," "BuySetUp," "SellSetUp," "TD Sell Setup," "TD Sequential Setup," "TD BuySetup," "TD Sequential – Buy Setup," "TD Sequential – Sell Setup," "Tom DeMark TD Sequential Setup" and "Source Code for the Count Down Indicator."   Technical Analysis states that these terms were used in a non-trademark sense to describe the mathematical formulae coded in the Traders' Tips software.  Technical Analysis denies the remaining allegations in paragraph 19.

20.     Technical Analysis denies the allegations in paragraph 20.

21.     Technical Analysis denies the allegations in paragraph 21.

22.     Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies them.

23.     Technical Analysis denies the allegations in paragraph 23.

24.     Technical Analysis denies the allegations in paragraph 24.

25.     Technical Analysis denies the allegations in paragraph 25.

26.     Technical Analysis denies the allegations in paragraph 26.

27.     Technical Analysis denies the allegations in paragraph 27.

28.     Technical Analysis denies the allegations in paragraph 28, to the extent those allegations pertain to Technical Analysis.

29.     Technical Analysis admits that Plaintiff contacted it by email on or about September 19 and 20, 2011, and by telephone on or about September 21, 2011, regarding the Coles Article and the traders.com website.  Technical Analysis admits that Plaintiff's counsel contacted it by letter on or about September 22, 2011.  Technical Analysis denies the remaining allegations in paragraph 29.

30.     Technical Analysis denies the allegation in paragraph 30.

31.     Technical Analysis denies the allegations in paragraph 31, to the extent those allegations pertain to Technical Analysis.

32.     Technical Analysis denies the allegations in paragraph 32, to the extent those allegations pertain to Technical Analysis.

Count I: Trademark Infringement

33.     Technical Analysis incorporates by reference its preceding answers as if set forth fully in this paragraph.

34.     Technical Analysis denies the allegations in paragraph 34.

35.     Technical Analysis denies the allegations in paragraph 35.

36.     Technical Analysis denies the allegations in paragraph 36.

37.     Technical Analysis denies the allegations in paragraph 37.

Count II:  False Designation of Origin

38.     Technical Analysis incorporates by reference its preceding answers as if set forth fully in this paragraph.

39.     Technical Analysis denies the allegations in paragraph 39.

40.     Technical Analysis denies the allegations in paragraph 40.

41.     Paragraph 41 states a legal conclusion to which no response is required.  If paragraph 41 is construed to require a response, then Technical Analysis denies the allegations in it.

Count III:  Unfair Competition

42.     Technical Analysis incorporates by reference its preceding answers as if set forth fully in this paragraph.

43.     Paragraph 43 states a legal conclusion to which no response is required.  If paragraph 43 is construed to require a response, then Technical Analysis denies the allegations in it.

44.     Technical Analysis denies the allegations in paragraph 44.

Count IV:  Unjust Enrichment

45.     Technical Analysis incorporates by reference its preceding answers as if set forth fully in this paragraph.

46.     Technical Analysis denies the allegations in paragraph 46.

47.     Technical Analysis denies the allegations in paragraph 47.

48.     Paragraph 48 states a legal conclusion to which no response is required.  If paragraph 48 is construed to require a response, then Technical Analysis denies the allegations in it.

Count V:  Intentional Interference with a Business Relationship

49.     Technical Analysis incorporates by reference its preceding answers as if set forth fully in this paragraph.

50.     Technical Analysis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and therefore denies them.

51.     Technical Analysis denies the allegations in paragraph 51.

52.     Technical Analysis denies the allegations in paragraph 52.

53.     Technical Analysis denies the allegations in paragraph 53.

54.     Paragraph 54 states a legal conclusion to which no response is required.  If paragraph 54 is construed to require a response, then Technical Analysis denies the allegations in it.

General Denial

55.     Technical Analysis denies every express or implied allegation in the Amended Complaint not otherwise admitted in the foregoing paragraphs.

Defenses

56.     By asserting the following defenses, Technical Analysis does not assume any burden of proof or persuasion that applicable substantive law places on another party.

57.     Plaintiff's claims are barred in whole or part by the trademark doctrines of fair use.

58.    Plaintiff's claims are barred in whole or part because some or all of Plaintiff's marks are merely descriptive or not inherently distinctive, and lack secondary meaning.

59.    Plaintiff's claims are barred in whole or part because Technical Analysis never used Plaintiff's marks in a trademark capacity concerning any goods or services offered by Technical Analysis.

60.    Plaintiff's alleged damages, if any, are barred in whole or part because those damages were not caused by Technical Analysis.

61.    Plaintiff's alleged damages, if any, are barred to the extent Plaintiff has failed to mitigate them.

62.    Plaintiff's prayer for punitive damages is barred because such an award would violate Technical Analysis's procedural and substantive due process rights, the 8th and 14th Amendments to the U.S. Constitution or other law.

63.    Plaintiff's claims are barred in whole or part to the extent Technical Analysis's actions and speech are protected by the First Amendment to the U.S. Constitution.

64.    Technical Analysis reserves the right to assert any additional defenses that may apply as information and documents are revealed during discovery.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Technical Analysis prays that the Court:

A.    Enter judgment in Technical Analysis's favor and against Plaintiff;

B.    Award Plaintiff neither monetary nor injunctive relief;

C.    Award Technical Analysis its reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1117 or other applicable law; and

D.    Award Technical Analysis such other relief as the Court deems just and proper.

1    RESPECTFULLY SUBMITTED this 27th day of April, 2012.

2
                                    STEPTOE & JOHNSON LLP
3

4
                                    By /s/ David J. Bodney
5                                      David J. Bodney
                                       Peter S. Kozinets
6                                      201 E. Washington St., Suite 1600
                                       Phoenix, Arizona 85004
7
                                       Attorneys for Defendant
8                                      Technical Analysis, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Andrew F. Halaby
Andrew C. Stone
Snell & Wilmer
400 E. Van Buren St., #1900
Phoenix, AZ  85004-2202

Stacie R. Hartman
Mir Y. Ali
Schiff Hardin, LLP
233 S. Wacker Dr., Suite 6600
Chicago, Illinois 60606

/s/ Diane Hodges
Legal Secretary