**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Market Studies, LLC, a limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> Technical Analysis, Inc., a Washington corporation, <br><br> Defendant. | No. CV 11-01895-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Defendant's motion to strike Plaintiff's jury demand. (Doc. 48). For the following reasons, Defendant's motion is granted.

**I.    Background**

On September 26, 2011, Plaintiff Market Studies, LLC filed a complaint against Defendant Technical Analysis, Inc. in this Court alleging copyright infringement, unfair competition, unjust enrichment, and trademark infringement. (Doc. 1) The original complaint did not include a jury demand. Just over six months later, Plaintiff moved to amend its complaint. In the proposed Amended Complaint, Plaintiff withdrew its copyright claim and added a claim for improper interference with a business relationship. (Doc. 43 at 6). There was no jury demand included in Plaintiff's proposed Amended Complaint (Doc. 28). After the Court granted Plaintiff leave to amend, Plaintiff filed its Amended Complaint with a jury demand included on April 10, 2012. (Doc. 45). Defendant now moves to strike the jury

1  demand in the Amended Complaint as untimely. In response, Plaintiff argues that a jury trial
2  is appropriate because Plaintiff properly invoked its Constitutional right to a jury trial in its
3  Amended Complaint. Plaintiff argues that Defendant's Answer to the Amended Complaint
4  was the last pleading filed, and Plaintiff had fourteen days thereafter to make a jury demand.
5  In addition, Plaintiff argues that its intentional interference with a business relationship
6  claim, which asserts that Plaintiff had a business expectancy that Defendant knew of and
7  improperly interfered with, and the first four counts included in its Amended Complaint
8  require evidence that was not necessary to prove the claims in the original complaint and
9  raise new causes of action that warrant a jury trial.

## II.     Legal Standard

"On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—not later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). The filing of an amended complaint revives the right to a jury trial only if that complaint raises new issues not raised by prior pleadings, and then only as to those new claims. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1066 (9th Cir. 2005); *see also* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."). "'[T]he presentation of a new *theory* does not constitute the presentation of a new *issue* on which a jury trial should be granted [as of right] under . . . Rule 38(b).' Rather, Rule 38(b) is concerned with issues of fact." *Id.* (internal quotation and citations omitted). Thus, if the issues in the original complaint and the amended complaint turn on the same "matrix of facts," then a party is not entitled to a trial by jury. *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir. 1979).

Further, a district court has discretion to order a jury trial on a motion by a party who has not filed a timely demand for one. Fed. R. Civ. P. 39(b). This discretion is narrow and does not permit a court to grant relief when the failure to make a jury demand is the result of oversight or inadvertence. *Lewis v. Time, Inc.,* 710 F.2d 549, 556-57 (9th Cir. 1983); *see Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 675 (9th Cir.

1975) (although relief under the rule is in the discretion of the district court, relief should rarely be granted in default of a proper request for it).

**III.   Analysis**

The main dispute between the Parties is whether Plaintiff's newly-added intentional interference with a business relationship claim and Plaintiff's original trademark infringement, unfair competition, and unjust enrichment claims arise from the same matrix of facts.

Plaintiff's original claims were copyright infringement, unjust enrichment, unfair competition, and trademark infringement. The copyright infringement and unjust enrichment claims were based upon Defendant's willful and unlicensed use of computer code and intangible property in which Plaintiff had a protected interest. Plaintiff alleged losses on these claims in the form of damage to Plaintiff's reputation, goodwill, and lost profits that have allegedly been diverted from Plaintiff to Defendant. Similarly, the unfair competition claim is predicated on the same allegations of conduct, and Plaintiff argues that these actions could potentially result in the mistaken idea amongst customers, potential customers, and the public that Defendant's goods and services are affiliated with Plaintiff's goods and services. Finally, the trademark infringement claim was founded on Defendant's willful and unlicensed use and marketing of Plaintiff's registered trademarks, including "DeMark Indicators," "Sequential," "Setup," "Countdown," and "Combo," leading to confusion in the marketplace regarding the association of Defendant with Plaintiff. Taken together, these legal theories are based on facts that relate to Defendant's unauthorized use of Plaintiff's business reputation and goodwill and the resultant damages.

In its newly-added claim, Plaintiff alleges that Defendant knew of and intentionally interfered with Plaintiff's business expectancy. This argument is squarely constructed around Defendant's alleged publication of "the Traders' Tips[,] knowing the publications contained inaccurate and misleading representations of the DeMark Indicators." (Doc. 28 at ¶ 52). Plaintiff relies on facts that relate to Plaintiff's business expectancy, Defendant's knowledge of that expectancy, and Defendant's intentional interference with the business expectancy

1  that caused damage to the Plaintiff. Plaintiff asserts that these are new factual allegations that
2  present new issues. However, though shrouded in different language, these claims merely
3  amount to the presentation of a new theory, not a new issue. Like Plaintiff's contentions in
4  the original complaint, Plaintiff relies on facts that relate to Defendant's unauthorized use of
5  Plaintiff's business reputation and goodwill and the resultant damages to make its intentional
6  interference argument. Accordingly, all of Plaintiff's claims arise from the same matrix of
7  facts, and Plaintiff's addition of its improper interference with a business relationship claim
8  is simply a new legal theory that does not entitle Plaintiff to the revival of its right to a jury
9  trial.

10  Further, Plaintiff has not provided the Court with any evidence that its original
11 failure to request a jury demand resulted from anything other than oversight or
12 inadvertence. Accordingly, the Court cannot exercise its discretion to grant Plaintiff a
13 jury trial.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Technical Analysis, Inc.'s Motion to Strike Plaintiff's Jury Demand (Doc. 48) is granted.

DATED this 22nd day of October, 2012.

James A. Teilborg
United States District Judge